FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JAN 29 AM 10: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MARILYN WHITE, | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 97-B-1250-S |
| DISTRICT #57 INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, BLACKSMITHS, FORGERS, HELPERS, IRON SHIP BUILDERS, | } |
| Defendant. | } |

ENTERED

JAN 2 9 1998

## MEMORANDUM OPINION

This case is before the court on the Motion for Sanctions filed by defendant District #57 International Brotherhood of Boilermakers, Blacksmiths, Forgers, Helpers, Iron Ship Builders ("District #57") on January 26, 1998. For the following reasons, the court is of the opinion that defendant's motion is due to be granted and this action is due to be dismissed with prejudice.

On July 23, 1997, District #57 served counsel for plaintiff Marilyn White ("White") with several discovery requests that were made pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. *See* Def.'s Mot. to Compel Answers to Discovery, Exs. 1-4 (filed Nov. 19, 1997) (hereinafter, Mot. to Compel). Under Rules 33 and 34, White's responses were due on July 23, 1997, thirty days after service. It is undisputed that, despite numerous attempts by District #57's counsel to resolve the issue, White failed to provide *any* responses to these requests until November 7, 1997. *See* Def.'s Mot. to Compel, Exs. 5, 6. Because it found the responses submitted by White to be deficient, District #57 filed a Motion to Compel

17

Answers to Discovery on November 19, 1997. *See* Fed. R. Civ. P. 37(a) (motion for order compelling disclosure or discovery). The court entered an Order on January 5, 1998 granting District #57's motion and warning White of the consequences of noncompliance: "If plaintiff fails to comply with this Order, defendant may file an appropriate Motion for Sanctions, which may include a request that this action be dismissed." White was given ten days to comply with the order but, as of January 26, 1998, White had still not complied.

In the present Motion for Sanctions, District #57 requested the court "to impose sanctions, including dismissal of [plaintiff White's] action." Rule 37 authorizes the dismissal of an action in the event that a party fails to comply with a court order compelling discovery:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> . . . .
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party; . . . .

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The court is mindful of the law in this Circuit that "[d]ismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." *Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995), *cert. denied*, __ U.S. __, 116 S.Ct. 915 (1996). As the Eleventh Circuit has also noted, "'[t]he severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citations omitted); *accord BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d

1045, 1048-49 (11th Cir. 1994), *cert. denied*, 506 U.S. 1049 (1993).

The court finds that the conduct of White and White's counsel was willful and not simply the result of negligence, misunderstanding or inability to comply. *See Malautea v. Suzuki Motor Co.*, Ltd., 987 F.2d 1536, 1542-43 (11th Cir. 1993) (holding willful or bad faith conduct necessary for default judgment sanction), *cert. denied*, 510 U.S. 863 (1993); *accord BankAtlantic*, 12 F.3d at 1049. Furthermore, the court is of the opinion that lesser sanctions will not suffice. After initially receiving service of District #57's discovery requests, White did not respond at all until well over four months later and only after considerable prodding from opposing counsel. In any event, her responses were inadequate, precipitating District #57's Motion to Compel and the subsequent involvement of the court. With respect to the Order of January 5, 1998, White had ten days to comply but failed to do so. As of January 26, 1998, *twenty-one days after the Order was entered*, White had still not complied. In light of White's utter disregard of the court's Order and District #57's valid discovery requests, the court is of the opinion that the sanction of dismissal is appropriate.

Based on the foregoing, the court is of the opinion that District #57's Motion for Sanctions is due to be granted and the present action is due to be dismissed with prejudice. An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of January, 1998.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
United States District Judge